Greg S. Hearing, II, Wyo. #7-5528
GORDON & REES LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
(303) 534-5160
ghearing@grsm.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

Case No.:

HUDSON EXCESS INSURANCE COMPANY,
a Delaware corporation,

Plaintiff,

v.

LAYTON CONSTRUCTION COMPANY, LLC,
a Utah limited liability company,

Defendant.

---

**COMPLAINT FOR DECLARATORY JUDGMENT**

---

Plaintiff Hudson Excess Insurance Company (Hudson), by counsel, Gordon Rees Scully Mansukhani LLP, for its Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201, states and avers as follows pursuant to Fed.R.Civ.P. 8, 12, and 57:

**PARTIES**

1. Plaintiff Hudson is a corporation engaged in the business of insurance and is incorporated in Delaware with its principal business address at 100 William Street, 5th Floor, New York, NY 10038.

2. Defendant Layton Construction Company, LLC (Layton) is a limited liability

company organized under Utah law with its principal business address at 9090 South Sandy Parkway, Sandy, UT 84070. Layton's sole member is STO CM, LLC, which is a limited liability company organized under Florida law with its principal business address at 330 W. 34th Street, New York, NY 10001. Its sole member is STO Credit, Inc., which is a corporation incorporated in Delaware whose principal business address is 330 West 34th Street, New York, NY 10001.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000.

4. This Court has jurisdiction to render a declaratory judgment pursuant to 28 U.S.C. § 2201.

5. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Wyoming, and because a substantial part of the property that is the subject of the action is situated in Wyoming.

6. This Court has *in personam* jurisdiction over Layton because Layton transacts business in Wyoming and this action arises from Layton's transaction of business in Wyoming.

## GENERAL ALLEGATIONS

7. This is an action for declaratory judgment brought pursuant to 28 U.S.C. § 2201 to declare the rights and other legal relations surrounding questions of an actual controversy that presently exists between the parties.

8. Hudson issued Commercial General Liability Policy No. HCG 1000453 01 to Cody Lane Development Corporation (Cody Lane) as the first Named Insured for the policy period from May 26, 2021 to May 26, 2024. A true and correct copy of the Hudson policy is submitted with

this Complaint as Exhibit 1.

9. Cody Lane is a corporation incorporated in the State of Wyoming, with its principal business address at P.O. Box 158, Teton Village, WY 83025. Cody Lane owns the real property commonly known as the Hoback Club site located at 3355 Cody Lane, Jackson Hole, WY 83025.

10. The Hudson policy provided liability coverage for Cody Lane's construction of a five story, 25-unit condominium project at the Hoback Club site.

11. Cody Lane contracted with Layton for Layton to act as Cody Lane's construction manager to provide pre-construction and construction services for the condominium project. The Hudson policy named Layton as the Designated General Contractor for the project.

12. Pursuant to the Designated Wrap-Up Endorsement to the Hudson policy, Layton is an "Enrolled Contractor" and therefore a Named Insured under the Hudson policy.

13. In March 2024, Cody Lane filed a Complaint against Layton in the United States District Court for the District of Wyoming in a lawsuit styled as *Cody Lane Development Corporation v. Layton Construction Company, LLC*, Case No. 24-cv-00064-ABJ-SAH (D. Wyo.). A true and correct copy of Cody Lane's Complaint is submitted with this Complaint as Exhibit 2.

14. In its Complaint, Cody Lane alleges that it contracted with Layton in May 2021 to provide pre-construction and construction services for the project. Cody Lane alleges that Layton breached the contract in numerous ways: (1) by failing to properly plan, coordinate, supervise, and execute the work; (2) by failing to comply with the project schedule; and (3) by failing to process payment applications for Layton's subcontractors. Cody Lane's Complaint further alleges that as a result of Layton's failure to perform the contract, it terminated Layton for cause in March 2024.

15. Cody Lane's Complaint asserts two claims for relief against Layton: breach of con-

tract and breach of the implied duty of good faith and fair dealing. Cody Lane alleges that as a result of Layton's breach of contract, it has sustained damages. There is no allegation that Layton was negligent or committed any tort; Cody Lane's claims against Layton are phrased exclusively in terms of breach of contract.

16. The damages sought by Cody Lane in its Complaint are for costs of repair, correction, or replacement of work performed by Layton; costs of finishing the project; costs to discharge liens; costs of payments to subcontractors; costs for consultants to correct Layton's work; increased insurance costs; and liquidated damages under the contract.

17. On May 14, 2024, Layton tendered the defense of Cody Lane's lawsuit to Hudson, which accepted and undertook the defense of Layton under a reservation of rights. Hudson has retained counsel to defend Layton against Cody Lane's lawsuit pursuant to a complete reservation of rights until this Court makes a declaration on the coverage issues in this action.

18. A controversy of a judicial nature has arisen over liability insurance coverage for Layton under the Hudson policy, which demands a declaration by this Court under 28 U.S.C. § 2201 in order that Hudson may have its rights and duties determined under the applicable contract of insurance.

19. Hudson seeks to secure relief from uncertainty with respect to the rights, status and legal obligations of the parties arising out of Hudson Policy No. HCG 1000453 01 under the circumstances described herein. Hudson requests that this Court terminate the uncertainty and controversy giving rise to this proceeding by entering a declaratory judgment granting the relief requested below.

20. Specifically, Hudson seeks a judgment declaring that there is no coverage for Cody

Lane's claims against Layton under the insuring agreement of the Hudson policy because "property damage" caused by faulty workmanship is not a covered "accident" or "occurrence" as defined in the policy. To the extent Cody Lane's claims are for damages for breach of contract, the Hudson policy does not provide coverage for such claims or damages under Wyoming law.

21. Further, although coverage for faulty workmanship and contract damages is not within the policy's insuring agreement, some express exclusions of the Hudson policy also apply, including the "Contract" Exclusion **b**., Exclusion **j.** for "'Property Damage" to projects listed in the Schedule of Projects, and the "Impaired Property" Exclusion **m**. Hudson accordingly seeks a judgment declaring that there is no coverage for Cody Lane's claims against Layton under these Exclusions to the Hudson policy

22. In addition, Hudson seeks a judgment declaring that because Cody Lane's Complaint alleges that the project was not (and still has not been) completed, the "products-completed operations hazard" does not apply and the damages claimed by Cody Lane are not within the "products-completed operations hazard" coverage of the Hudson policy.

**COUNT I – DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201**

23. Hudson incorporates the allegations of ¶¶ 1 through 22 of this Complaint as if fully recited herein.

24. Subject to certain express terms, definitions, conditions, exclusions, and limitations, the insuring agreement of Hudson Policy No. HCG 1000453 01 provides, in pertinent part:

**SECTION I — COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** — Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages **A** and **B.**

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** the "bodily injury" or "property damage" is caused by an "occurrence' that takes place at the project(s) listed in the Schedule of Project(s) above;[1]

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** — Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

[1]The original policy language is changed by the Designated Wrap-Up endorsement, HCG-2895 01 20. (Ex. 1 at 51-52).

25. Section V of Hudson policy No. HCG 1000453 01 defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

26. Under the policy, Hudson assumes the duty to defend against any suits seeking damages for "property damage" caused by an "occurrence" within the coverage territory.

27. Hudson policy No. HCG 1000453 01 provides that "Property Damage" means in pertinent part:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

28. Under Wyoming law, breach of contract is not an "accident" or "occurrence" which is covered under a Comprehensive General Liability policy. *First Wyoming Bank, N.A., Jackson Hole v. Continental Ins. Co*., 860 P.2d 1094, 1099 (Wyo. 1993). Under this same rationale, claims for negligent or faulty construction performed under a contract are not covered by a Comprehensive General Liability policy because faulty workmanship is not a covered "occurrence." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc*., 618 F.3d 1153, 1174 (10th Cir. 2010); *Employers Mut. Cas. Co. v. Bartile Roofs, Inc*., No. 07-CV-182-D (D. Wyo. Mar. 18, 2011).

29. Cody Lane's allegations in its Complaint in Case No. 24-cv-00064-ABJ-SAH do not allege "property damage" caused by a covered "occurrence." Cody Lane alleges the building exhibited damage caused by or resulting from faulty, inadequate or defective workmanship, repair, construction, materials used in repair or construction, and maintenance, and that the cause of the damage was Layton's breach of contract and faulty construction. (Ex. 2, ¶¶ 23-27, 33, 64, 71).

30. Cody Lane's claims for damages arising from breach of contract, including claims for cost or correction or repair, cost of replacement work, costs of finishing the project, costs to discharge liens and pay subcontractors, and costs for consultants to correct Layton's work (Ex. 2, ¶¶ 64, 71), are all alleged to be the result of faulty construction. Under the terms of the Hudson policy, there is no coverage for damages because of "property damage" which is not the result of an "occurrence." Faulty construction does not constitute an "occurrence" under the Hudson policy. Cody Lane's claims against Layton therefore are not covered under the insuring agreement of the Hudson policy, and do not trigger a duty on Hudson's part either to defend or to indemnify Layton against them.

31. Because faulty construction is not an "occurrence" covered under the Hudson policy, Hudson has no obligation or duty to provide a defense to Layton because all of the claims asserted against Layton by Cody Lane arise from allegedly faulty construction.

32. Hudson is accordingly entitled to a judgment declaring that Layton is afforded no coverage under the Hudson policy for the claims asserted against it by Cody Lane in its Complaint in Case No. 24-cv-00064-ABJ-SAH, which were not caused by an "occurrence" or accident.

33. In addition, because faulty workmanship is not an "occurrence" covered by the Hudson policy, Hudson is entitled to a judgment declaring that it has no duty to defend or indemnify Layton against the claims asserted against it by Cody Lane in its Complaint in Case No. 24-cv-00064-ABJ-SAH.

WHEREFORE, Plaintiff prays for a judgment (1) declaring that Layton is not entitled to coverage under the Hudson policy for the claims asserted against it by Cody Lane in its Complaint in Case No. 24-cv-00064-ABJ-SAH; and (2) declaring that Hudson has no duty to defend or in-

demnify Layton against the claims asserted against it by Cody Lane in its Complaint in Case No. 24-cv-00064-ABJ-SAH.

**COUNT II – DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201**

34. Hudson incorporates the allegations of ¶¶ 1 through 33 of this Complaint as if fully recited herein.

35. Subject to certain express terms, definitions, conditions, exclusions, and limitations, Exclusion **b.** (the "Contract" Exclusion) in Section I of Hudson Policy No. HCG 1000453 01 provides that the insurance does not apply to:

> **b. Contractual Liability**
>
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> **(1)** That the insured would have in the absence of the contract or agreement: or
>
> **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:
>
> **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
>
> **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

36. To the extent Cody Lane's Complaint against Layton in Case No. 24-cv-00064-ABJ-SAH asserts claims for "property damage" arising from the alleged breach of Layton's contract with Cody Land and the alleged breach of the contract's implied duty of good faith and fair

dealing, coverage is expressly excluded by Exclusion **b**, which excludes coverage for "property damage" "for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement." None of the exceptions to this exclusion apply.

37. Hudson is accordingly entitled to a judgment declaring that coverage under the Hudson policy for the claims asserted against Layton by Cody Lane in its Complaint in Case No. 24-cv-00064-ABJ-SAH is excluded by the Contract Exclusion, Exclusion **b**.

38. Because Cody Lane's claims against Layton in Case No. 24-cv-00064-ABJ-SAH are excluded from coverage, Hudson is further entitled to a judgment declaring that it has no duty to defend or indemnify Layton against the claims asserted against it by Cody Lane in its Complaint in Case No. 24-cv-00064-ABJ-SAH.

WHEREFORE, Plaintiff prays for a judgment (1) declaring that Layton is not entitled to coverage under the Hudson policy for the claims asserted against it by Cody Lane in its Complaint in Case No. 24-cv-00064-ABJ-SAH; and (2) declaring that Hudson has no duty to defend or indemnify Layton against the claims asserted against it by Cody Lane in its Complaint in Case No. 24-cv-00064-ABJ-SAH.

**COUNT III – DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201**

39. Hudson incorporates the allegations of ¶¶ 1 through 38 of this Complaint as if fully recited herein.

40. Subject to certain express terms, definitions, conditions, exclusions, and limitations, Exclusion **j.** for "Property Damage" to project listed in Schedule of Projects in Section I of Hudson Policy No. HCG 1000453 01 provides that the insurance does not apply to:

**j. Property Damage**

"Property Damage" to:

**(1)** Personal property in the care, custody, or control of any insured.

**(2)** The project(s) listed in the Schedule of Project(s). Paragraph (2) does not apply if the "property damage" is included within the "products-completed operations hazard."[2]

41. The standard Exclusion **j.** in Section I of the Hudson policy is replaced by the Wrap-Up endorsement by a modified Exclusion **j**. that expressly excludes coverage for "'Property Damage' to The project(s) listed in the Schedule of Project(s)." The Schedule of Projects lists The Hoback Club project in Jackson Hole, Wyoming. Because the Hoback Club project in Jackson Hole, Wyoming, is listed in the Schedule of Projects, the damages claimed by Cody Lane for damage to the Hoback Club project are for "property damage" to a project listed in the Schedule of Projects and are therefore expressly excluded from coverage.

42. Section V of Hudson policy No. HCG 1000453 01 defines "products-completed operations hazard" as follows:

**a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your wore except:

**(1)** Products that are still in your physical possession; or

**(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

**(a)** When all of the work called for in your contract has been completed.

**(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

---

[2]The original policy language is changed by the Designated Wrap-Up endorsement, HCG-2895 01 20. (Ex. 1 at 51-52).

> **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project. Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

43. Although Exclusion **j.** does not apply if the "property damage" is included within the "products-completed operations hazard," Cody Lane's Complaint in Case No. 24-cv-00064-ABJ-SAH alleges that the project was not completed. Consequently, the "property damage" alleged by Cody Lane is not within the "products-completed operations hazard," and the exception to Exclusion **j.** does not apply. Accordingly, Exclusion **j.** operates to exclude coverage for "property damage" to the Hoback Club project claimed by Cody Lane in its Complaint in Case No. 24-cv-00064-ABJ-SAH.

44. Hudson is accordingly entitled to a judgment declaring that coverage under the Hudson policy for the claims asserted against Layton by Cody Lane in its Complaint in Case No. 24-cv-00064-ABJ-SAH is excluded by Exclusion **j.**

45. Because Cody Lane's claims against Layton in Case No. 24-cv-00064-ABJ-SAH are excluded from coverage, Hudson is further entitled to a judgment declaring that it has no duty to defend or indemnify Layton against the claims asserted against it by Cody Lane in its Complaint in Case No. 24-cv-00064-ABJ-SAH.

WHEREFORE, Plaintiff prays for a judgment (1) declaring that Layton is not entitled to coverage under the Hudson policy for the claims asserted against it by Cody Lane in its Complaint in Case No. 24-cv-00064-ABJ-SAH; and (2) declaring that Hudson has no duty to defend or indemnify Layton against the claims asserted against it by Cody Lane in its Complaint in Case No. 24-cv-00064-ABJ-SAH.

**COUNT IV – DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201**

46. Hudson incorporates the allegations of ¶¶ 1 through 45 of this Complaint as if fully recited herein.

47. Subject to certain express terms, definitions, conditions, exclusions, and limitations, Exclusion **m.** (the "Impaired Property" Exclusion) in Section I of Hudson Policy No. HCG 1000453 01 provides that the insurance does not apply to:

> **m. Damage To Impaired Property Or Property Not Physically Injured**
>
> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
>
> **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or 'your work"; or
>
> **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
>
> This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to ‘‘your product" or "your work" after it has been put to its intended use.

#. Section V of Hudson policy No. HCG 1000453 01 defines "Impaired Property" as:

> tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
>
> **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
>
> **b.** You have failed to fulfill the terms of a contract or agreement;
>
> if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

48. Exclusion **m.**, the "Impaired Property" exclusion, applies when property that has not itself been damaged by the insured's faulty workmanship must nevertheless be replaced be-

cause of defective workmanship by the insured

49. Exclusion **m**. therefore excludes coverage for "property damage" allegedly resulting from failure to comply with building codes to the extent that correction of the non-code compliant work would require or entail damage to property that has not been physically injured or to "impaired property" during the correction or replacement of the work. Under Exclusion **m.**, removal or replacement of work that is not itself damaged, but which must be removed or replaced because of other faulty workmanship is not covered "property damage."

50. To the extent Cody Lane's Complaint against Layton in Case No. 24-cv-00064-ABJ-SAH asserts claims for "property damage" to "impaired property" as defined in the Hudson policy, coverage is expressly excluded by Exclusion **m.**

51. Hudson is accordingly entitled to a judgment declaring that coverage under the Hudson policy for the claims asserted against Layton by Cody Lane in its Complaint in Case No. 24-cv-00064-ABJ-SAH is excluded by the Impaired Property Exclusion, Exclusion **m.**

52. Because Cody Lane's claims against Layton in Case No. 24-cv-00064-ABJ-SAH are excluded from coverage, Hudson is further entitled to a judgment declaring that it has no duty to defend or indemnify Layton against the claims asserted against it by Cody Lane in its Complaint in Case No. 24-cv-00064-ABJ-SAH.

WHEREFORE, Plaintiff prays for a judgment (1) declaring that Layton is not entitled to coverage under the Hudson policy for the claims asserted against it by Cody Lane in its Complaint in Case No. 24-cv-00064-ABJ-SAH; and (2) declaring that Hudson has no duty to defend or indemnify Layton against the claims asserted against it by Cody Lane in its Complaint in Case No. 24-cv-00064-ABJ-SAH.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hudson Excess Insurance Company prays that the Court enter a judgment in its favor and against Defendant Layton Construction Company, LLC, pursuant to 28 U.S.C. § 2201 declaring:

a. That the claims asserted against Layton in Cody Lane's Complaint in Case No. 24-cv-00064-ABJ-SAH are not within the insuring agreement of the Hudson policy because they do not allege a covered "occurrence";

b. That the claims asserted against Layton in Cody Lane's Complaint in Case No. 24-cv-00064-ABJ-SAH are excluded from coverage by the Contract Exclusion **b.**;

c. That the claims asserted against Layton in Cody Lane's Complaint in Case No. 24-cv-00064-ABJ-SAH are excluded from coverage by Exclusion **j.**, and that the "property damage" alleged by Cody Lane is not within the "products-completed operations hazard" exception to the exclusion;

d. That the claims asserted against Layton in Cody Lane's Complaint in Case No. 24-cv-00064-ABJ-SAH are excluded from coverage by the Impaired Property Exclusion **m.**;

e. That Layton is not entitled to coverage under the Hudson policy for the claims asserted against it by Cody Lane in its Complaint in Case No. 24-cv-00064-ABJ-SAH; and

f. That Hudson has no duty to defend or indemnify Layton against the claims asserted against it by Cody Lane in its Complaint in Case No. 24-cv-00064-ABJ-SAH; and

g. That Hudson is entitled to an award of costs pursuant to 28 U.S.C. § 1920, to an award of reasonable attorney fees as may be allowed by law, and to further relief pursuant to 28

U.S.C. § 2202 as may be appropriate and just.

DATED this 30th day of January, 2025.

**GORDON & REES LLP**

*/s Greg S. Hearing, II*
Greg S. Hearing, II, Wyo. #7-5528
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
(303) 534-5160
ghearing@grsm.com

ATTORNEYS FOR PLAINTIFF